IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Parish, Curtis L. Oats, Leila Khoury and Sean Driscoll, | ) ) ) |
| *Plaintiffs,* | ) ) ) No. 07 CV 4369 |
| -*vs*- | ) ) *(Judge Kennelly)* |
| Sheriff of Cook County and Cook County, | ) ) |
| *Defendants.* | ) |

## AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiffs file this amended complaint and, by counsel, allege as follows:

1. This is a civil action arising under 42 U.S.C. §1983. Plaintiffs invoke the jurisdiction of the Court pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1367.

2. Plaintiffs Michael Parish, Curtis L. Oats, Leila Khoury and Sean Driscoll are residents of the Northern District of Illinois. As set out below with greater specificity, plaintiffs were each denied psychotropic medication while confined at the Cook County Jail as a result of defendants' official policies. Plaintiffs bring this action individually and on behalf of a class.

3. Defendants are the Sheriff of Cook County and Cook County. The Sheriff is sued in his official capacity only; Cermak Health Services is a division of the Cook County Bureau of Health which is in turn a division of defendant Cook County.

4. On or about September 27, 2005, plaintiff Parish was transferred to the Cook County Jail ("Jail") from the Illinois Department of Corrections ("IDOC"). Parish had received psychotropic medication on a daily basis while confined at the IDOC and, on information and belief, the IDOC sent Parish to the Jail with a two week supply of medication.

5. Pursuant to the rules, regulations, and procedures of the defendants, the Parish did not receive his required psychotropic medication until sometime after June 26, 2006, when, as the direct and proximate result of the wrongful denial of essential medication, Parish attempted to harm himself by cutting his wrist.

6. On or about August 29, 2006, plaintiff Oats was admitted to the Jail as a pre-trial detainee; Oats remained at the Jail for about five months until he was released following his acquittal.

7. Oats informed the intake personnel at the Jail that he had been taking psychotropic medication for about two years; notwithstanding this information, Oats was not provided with his essential medication until about October 1, 2006.

8. As the direct and proximate result of the wrongful denial of essential medication, Oats began to manifest symptoms of paranoia and had difficulty in cooperating with counsel and assisting in his defense.

9. On or about November 5, 2005, plaintiff Leila Khoury was admitted to the Jail as a pre-trial detainee; Khoury has long standing mental health problems. Since 2001, Khoury had been taking a specific regiment of psychotropic medications prescribed by her psychiatrist to treat her condition. She remained in the Jail until January 3, 2006, when she

was enlarged on bond.

10. Khoury came to the Jail following a psychiatric hospitalization at Christ Hospital; following her admission to the Jail, Khoury continuously informed the defendants that under the direction of her psychiatrist, she was required to take a specific regiment of psychotropic medication daily. Notwithstanding this information, Khoury was never provided with appropriate medication while at the Jail.

11. As the direct and proximate result of the wrongful denial of essential medication, Khoury had frequent bouts of crying, screaming, fighting, and other hysterical behavior.

12. On or about August 18, 2005, plaintiff Sean Driscoll was admitted to the Jail as a pre-trial detainee; Driscoll remained at the Jail until August 25, 2005, when he was enlarged on bail.

13. On admission to the Jail, Driscoll informed the intake personnel at the Jail that he had been taking psychotropic medication for severe anxiety disorder and that he required a daily dose of methadone. Notwithstanding this information, Driscoll never received the psychotropic medication and received methadone on only one occasion.

14. As the direct and proximate result of the wrongful denial of essential medication, Driscoll suffered extreme withdrawal symptoms and experienced great pain and suffering.

15. Plaintiffs have each been deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States as the result of the policies and procedures of the defendants which fail to ensure that inmates admitted to the Jail continue

to receive their prescription medication. The defendants have adopted these policies in deliberate indifference to the serious health needs of persons entrusted to their care and have caused damage to plaintiffs and others similarly situated.

16. Plaintiffs bring this action individually and, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, for the following class:

> All persons confined at the Cook County Jail on and after August 3, 2005 who provided notice that he or she had been taking prescription medication for a serious health need and who was not provided with that medication within 24 hours thereafter.

17. Plaintiffs demand trial by jury.

Wherefore plaintiffs request that the Court order that this case may proceed as a class action, that appropriate damages be awarded to the individual plaintiff and to each unnamed member of the proposed class, and that the Court award costs and fees pursuant to 42 U.S.C. §1988.

/s/ Thomas G, Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900

Kenneth N. Flaxman
200 S Michigan Ave, Ste 1240
Chicago, IL 60604
(312) 427-3200
*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Daniel J. Fahlgren, Ass't State's Atty, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)