IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Parish, et al., | ) |
| *Plaintiffs,* | ) ) ) |
| -vs- | ) No. 07 CV 4369 ) ) ) *(Judge Kennelly)* |
| Sheriff of Cook County and Cook County, | ) ) ) |
| *Defendants.* | ) ) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION CONCERNING NOTICE TO PERSONS
DETAINED AT COOK COUNTY JAIL**

Defendants raise four issues in their response to plaintiffs' "Motion Concerning Notice to Persons Detained at Cook County Jail." Plaintiffs submit this brief reply to defendants' arguments.

**I. CLASS COUNSEL SHOULD NOT BE PROHIBITED FROM MAILING NOTICE TO PERSONS HELD AT THE JAIL**

Defendants object to delivering class notice to persons confined at the Cook County Jail, and ask the Court to prohibit class counsel from mailing notice to persons confined at the jail. In defendants' view, class notice should be sent by first class mail to the last known address of all potential class members, including those who are known to be incarcerated.

-1-

The Supreme Court considered defendants' notice theory in *Robinson v. Hanrahan,* 409 U.S. 38 (1972). There, the Cook County State's Attorney sought to provide notice of forfeiture proceedings to an inmate at the jail by mailing notice to the inmate's last known address. The Supreme Court rejected this approach:

> In the instant case, the State knew that appellant was not at the address to which the notice was mailed and, moreover, knew also that appellant could not get to that address since he was at that very time confined in the Cook County jail. Under these circumstances, it cannot be said that the State made any effort to provide notice which was 'reasonably calculated' to apprise appellant of the pendency of the forfeiture proceedings. [footnote omitted]

*Robinson v. Hanrahan,* 409 U.S. at 40.

Accordingly, the Court should reject defendants' request to bar class counsel from complying with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and providing "individual notice to all members who can be identified through reasonable effort."

## II. THE COURT SHOULD HOLD AN EVIDENTIARY HEARING ON DEFENDANTS' INVOCATION OF "SECURITY CONCERNS" ABOUT DELIVERY OF CLASS NOTICE TO ALL PERSONS DETAINED AT THE JAIL

Class counsel are prepared to mail class notice to each of the 10,000 persons presently confined at the jail. Each of these letters will likely be inspected (but not read) by jail officials, who are permitted to open a prisoner's legal mail only in the presence of the prisoner. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974).

Class counsel proposed to avoid this inspection nightmare by providing the Sheriff with enough copies of the class notice and opt-out form to permit the Sheriff to distribute the forms to each potential class member who is presently confined at the Jail. Defendants oppose this request, attach a regulation of the Federal Bureau of Prisons, and state in conclusory fashion that delivery "would cause problems for jail security." (Def.Mem. 3.)

While class counsel do not seek to "cause problems for jail security," we believe that the inspection of 10,000 sealed envelopes would cause greater problems. Accordingly, plaintiffs request that the Court set this issue for an evidentiary hearing, to permit correctional officials to provide the Court with evidence about any problem for jail security which would arise from plaintiffs' proposed procedure.

### III. POSTING NOTICE AT THE JAIL DOES NOT COMPLY WITH RULE 23(c)(2)(B) AND IS INEFFECTIVE

Defendants ask the Court to limit notice to persons detained at the jail to the posting of notice in "Division 5 RCDC (Receiving) near the Medical Screening area." (Def.Mem. 4-5.) While defendants assert that "[a]ll detainees pass by this area," (Def.Mem. 5), it is absurd to suggest that jail officials will allow inmates at the jail to pause and read the class notice.

Class counsel learned from their recent experiences with the "swab case," *Jackson v. Sheriff,* No. 06 CV 493, that posting notices in the jail is wholly ineffective to reach class members. The original cutoff date for filing of a claim form in *Jackson* was October 15, 2007; About 11,000 claims were received by the original cutoff date of October 15, 2007. Counsel relied, *inter alia,* on the ineffectiveness of posted notice to obtain two extensions of the claim filing period. Nearly 4500 claims were received during the extended claim filing period; many of these claims were from prisoners who stated that they had not seen posted notice.

Posting notice in the "RCDC" is no better than publishing notice in a newspaper of general circulation, which is "not sufficient with respect to an individual whose name and address are known or easily ascertainable." *Robinson v. Hanrahan*, 409 U.S. at 40.

Defendants suggest that they might agree to posting of class notice at other locations in the jail. Class notice has been posted in living units at the jail in *Gary v. Sheahan*, N.D.Ill. 96 C 7294 (strip search of female prisoners) and *Phipps v. Sheriff,* 249 F.R.D. 298 (N.D.Ill. 2008) (ADA claims of wheelchair bound prisoners). Class counsel propose that notice be posted in living units as a substitute for counsel's proposal to provide a copy of class notice to each person processed into the jail aft65er the initial mailing of class notice. This issue is discussed in Section IV below.

### IV. NOTICE TO PERSONS PROCESSED INTO THE JAIL AFTER THE INITIAL MAILING OF CLASS

Defendants assert that distributing class notice to persons as they are being processed into the jail would be difficult and would create a security problem. (Def.Mem. 3.) To solve this problem, defendants ask the Court to set a "closure date for [class] membership." (Def.Mem. 2.)

The closing date for class membership is the date on which defendants abandon the policies challenged in this case. Otherwise, the closing date of

-5-

the class is the date of entry of final judgment, as in *Cruz v. American Airlines, Inc.,* 356 F.3d 320, 325 (D.C.Cir. 2004).

Plaintiffs propose that notice be posted at intake in the medical screening area to advise persons entering the jail that

> **IF YOU ARE TAKING PRESCRIPTION MEDICATION AND DO NOT RECEIVE IT WITHIN 24 AFTER ENTRY INTO THE JAIL, YOU MAY BE PART OF A CLASS ACTION.**
>
> **FURTHER DETAILS ABOUT THE CASE KNOWN AS *PARISH v. SHERIFF* ARE AVAILBLE IN THE NOTICE OF CLASS ACTION AVAILABLE FROM A CORRECTIONAL COUNSELOR**

Defendants will likely complain that posting this notice will encourage persons entering the jail to request that they continue to receive their prescribed medication. It is unclear why this would be undesirable. be continued at the jail.

Respectfully submitted,

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
200 S Michigan Ave, Ste 1240
Chicago, IL 60604
(312) 427-3200

Thomas G, Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900

*Attorneys for the Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Daniel J. Fahlgren, Ass't State's Atty, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)