# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Matthew F. Kennelly | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4369 | **DATE** | 1/26/2009 |
| **CASE TITLE** | Parish vs. Sheriff of Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Enter attached Memorandum Opinion and Order regarding class notice. The Court directs the parties to make the further submissions required in the text of the Memorandum Opinion by no later than 2/3/09. The Court sets the case for further argument and ruling on 2/6/09 at 9:30 a.m.

Docketing to mail notices.

| | Courtroom Deputy Initials: | mk |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL PARISH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 07 C 4369 |
| ) | |
| SHERIFF OF COOK COUNTY and ) | |
| COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs in this class action allege that Cook County and its Sheriff have implemented a policy of denying or delaying necessary prescription medication to detainees at the Cook County Jail, solely on the basis of a "brief and cursory interview," without inquiring into a detainee's medical history and without consulting a physician. They have sued to recover damages.

The Court certified, pursuant to Federal Rule of Civil Procedure 23(b)(3), a class consisting of every person confined at the Jail on and after August 3, 2005 who provided notice that he or she had been taking prescription medication for a serious health need and was not provided with appropriate medication within 24 hours thereafter. The parties dispute the appropriate method of providing notice to members of the class and have submitted briefs regarding their respective proposals.

Under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members

who can be identified through reasonable effort." It is likely, though not certain, that the class consists of a relatively modest proportion of detainees. It is virtually impossible, however, to identify all individual class members up front. For this reason, both sides propose to give some form of notice to all persons detained at the Jail during the class period. The potential class members include three groups: persons who were confined at the Jail but no longer are; persons who are currently confined at the Jail; and persons who may become confined at the Jail while the case is pending. The Court deals with each of these groups in turn.

<u>Persons formerly confined at the jail.</u> Plaintiffs propose to mail individual notice to each person formerly confined at the Jail during the class period whose last known address, as reflected in jail records, is "deliverable" by the U.S. Postal Service. Defendants agree with this proposal. So does the Court.

<u>Persons currently at the jail.</u> At any given time, there are about 10,000 persons detained at the Jail. Plaintiffs propose to provide the Sheriff with sufficient notice and opt-out forms for all current detainees so that Sheriff's personnel may distribute them by hand. Defendants propose to mail the forms to the last known addresses of the detainees – in other words, their last known addresses before they were detained. The Court agrees with plaintiffs that defendants' proposal is legally deficient. *See Robinson v. Hanrahan*, 409 U.S. 38, 40 (1972) (forfeiture case; notice sent to last known "outside" address of person confined at Cook County Jail was not reasonably calculated to advise him of pendency of forfeiture proceedings).

The Court agrees with defendants, however, that requiring Sheriff's personnel to hand-distribute the notices to all 10,000 current detainees is likely to interfere with the

performance of their work responsibilities, not the least of which is their obligation to maintain order at the Jail.  The Court views this as a matter of common sense; contrary to plaintiffs' contention in their reply, there is no need to conduct an evidentiary hearing to establish the point.  The Court is also concerned with the precedent that would be set by requiring this method of distribution, given the significant number of class action lawsuits concerning detainees at the Jail.

The parties have presented only two other alternatives regarding current detainees.  Defendants propose posting notice at the Reception, Classification, and Diagnosis Center (RCDC) located in Division 5 of the Jail.  They say that all detainees pass by that area when they go to and from court, to obtain medical care, to other divisions for transfer, and to outside locations.  The Court is unpersuaded that posting in this single location satisfies Rule 23(c)(2)(B)'s requirement to provide "the best notice that is practicable under the circumstances."  If the Court determines to use posted notice (whether alone or in combination with another form of notice), it will also require, at a minimum, posting notice in the Jail's "living units," as has been done in some other class actions involving Jail detainees.

Plaintiffs propose mailing notice directly to everyone currently confined at the Jail.  This would involve considerable expense and potentially significant disruption of Jail operations.  Plaintiffs themselves (who propose this mechanism only as a fallback) suggest that distribution via the detainee mail P.O. box likely would impose an enormous burden arising from the perceived need to inspect each envelope individually.  Defendants do not specifically address the issue of burdensomeness.  The Court needs to know more about how this would work before determining whether to

3

approve it.  More specifically, the Court needs to know exactly how (from the point of envelope-stuffing to actual receipt) individual mailing would be conducted, what inspection would be required, and whether there is a way to set up envelope stuffing and posting to avoid the need to inspect each envelope upon its receipt at the Jail.

<u>Persons who arrive at the Jail in the future.</u>  The Court rejects plaintiffs' proposed mechanism for notifying detainees who arrive at the Jail after the date on which current detainees are provided notice.  Plaintiffs propose to have Sheriff's personnel hand a copy of the class notice to each new detainee during the Jail intake process.  This would result in unnecessary and inappropriate disruption of the intake process.  Again, no evidentiary hearing is needed to establish this.  In addition to application of common sense, the Court has a significant amount of familiarity with the intake process from having presided over a jury trial in *Thompson v. Cook County Dept. of Corrections*, Case No. 03 C 7172, and from its consideration of class certification and summary judgment motions in *Young v. Cook County*, Case No. 06 C 552.

Defendants' proposed mechanism for providing notice to persons who arrive at the Jail after the date on which current detainees are provided notice consists of posting at the RCDC located at Division 5.  For the reasons stated above, the Court does not believe this to be sufficient by itself.  At a minimum, the notice will also have to be posted in other locations.

Another mechanism, which could be used by itself or in combination with posted notice, would involve mailing notice to later-arriving detainees at various intervals in the future.  The Court directs both parties to provide comments on whether this can be done practicably; how it would be done; and at what intervals it should be done.

4

**Conclusion**

The Court is concerned about the continued delay in notifying potential class members of the pendency of the case and their ability to opt out. For this reason, the Court expects counsel on both sides to give priority to this matter and therefore directs them to make the further submissions required in the text of this Opinion by no later than February 3, 2009. The Court sets the case for further argument and ruling on February 6, 2009 at 9:30 a.m.

                                                  _____
                                                  MATTHEW F. KENNELLY
                                                  United States District Judge

Date: January 26, 2009