**EXHIBIT 8**

FILED
AUG - 3 2007
AUG 3 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Michael Parish )  07CV4369
v. )  JUDGE KENNELLY
 )
Sheriff of Cook County and Cook County   MAG. JUDGE VALDEZ

COMPLAINT

Now comes Michael Parish, by and through his attorney, Thomas G. Morrissey, Ltd, and alleges as follows:

1. This is a civil action seeking damages against the defendant for committing acts under color of law, which deprived the plaintiff of rights secured under the Fourteenth Amendments to the Constitution. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Sec. 1343 and 2201 and pursuant to 42 U.S.C. Sect. 1983 and 1988.

2. Plaintiff Michael Parish is a resident of the Northern District of Illinois. Mr. Parish has a long history of mental illness including but not limited to being Bipolar.

3. Defendants are the Sheriff of Cook County and Cook County. The Sheriff is sued in his official capacity only.

4. On or about September 27, 2005, plaintiff Parish was admitted to the Cook County Jail ("Jail") from the Illinois Department of Corrections. Prior to being shipped to the Cook County Jail, Mr. Parish was receiving psychotropic medication while incarcerated at the I.D.O.C. On information and belief, a two week supply of the medication was sent to the Cook County Jail when Mr. Parish was transferred.

5. Mr. Parish was assigned to Division Eleven at the Cook County Jail. After being admitted to Division Eleven, plaintiff continuously made request to numerous correctional

Case 1:07-cv-04369 Document 1 Filed 08/03/07 Page 2 of 3

officers to receive his psychotropic medication. The correctional officers, to whom plaintiff made these requests, acting in accordance with the rules, regulations, and procedures of the defendants, denied plaintiff access to receive the medication.

6. On June 26, 2006, plaintiff cut his wrist in a misguided attempt to get the attention of the correctional officers in order to receive medical attention.

7. The Sheriff of Cook County has the responsibility and duty to develop policies and procedures to ensure that inmates admitted to the Jail continue to receive their prescription medication.

8. That the Sheriff has a practice/or policy of not continuing the medication prescribed for detainees shipped from the I.D.O.C. to the Cook County Jail.

9. That the Sheriff and his employees are deliberately indifferent to the mental health of the inmates by following a practice and policy of delaying inmates access to psychotropic medication, in violation of their constitutional rights under the Fourteenth Amendments.

10. That as a direct and proximate result of not providing the plaintiff with psychotropic medication, plaintiff Parish incurred great physical, and emotional suffering and anguish.

Wherefore, Michael Parish prays for an award as follows:

A. Award the plaintiff compensatory damages in an amount in excess of $50,000.

B. Award the plaintiff court costs and attorney fees under 42 U.S.C. Sect. 1988.

Respectfully submitted,

/s/ <u>Thomas G. Morrissey</u>
Attorney for the Plaintiff

Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Il. 60643
773-233-7900